IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DENISE LOVELAND-BOWE )
)
v. ) NO. 3-15-1084
) JUDGE CAMPBELL
NATIONAL HEALTHCARE )
CORPORATION, et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Renewed Motion for Conditional Certification (Docket No. 39). For the reasons stated herein, Plaintiff's Motion is GRANTED.

Plaintiff filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff contends that she was employed by Defendant as a licensed practical nurse ("LPN") and that she and potential members of the collective action were subject to a common pay policy and practice that failed to compensate them for all hours over forty worked in a week.

Plaintiff asks the Court to conditionally certify this action as a collective action under the FLSA consisting of all current and former Licensed Practical Nurses (LPNs) who have been employed by Defendants as home health nurses from October 12, 2012, to the present. Plaintiff also asks the Court to approve her proposed Notice and proposed Consent Form.

In support of the Motion, Plaintiff has submitted her own Declaration (Docket No. 41) and the Declaration of Selena Markle, another LPN employed by Defendants (Docket No. 42). Both Plaintiff and Markle state that, given all the duties required of them as home health LPNs, they have to complete necessary paperwork and forms for patients at home after work. Plaintiff asserts that her supervisors, including Director of Nursing Jennifer Kirtley, told her she was not permitted to record time working at home. Markle states that she was told by the Director of Nursing that she

would not be compensated for this time at home, per company policy, and therefore she did not record it. Plaintiff and Markle also state that Defendants did not permit them to record time for answering phone calls from patients, supervisors, labs, and other health-care providers while they were on call, so as with the charting at home, this time was both unrecorded and uncompensated per corporate policy.

Defendants, on the other hand, contend that home health LPNs are required to record *all* hours worked and that if Plaintiff failed to record her time, it was in violation of her employer's policy. Defendants contend that Plaintiff cannot point to any common policy or practice which would unite the purported class and that her allegations are based on her own unique deviations from her employer's lawful policies and practices.

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly-situated employees to "opt in" as party plaintiffs.

The Sixth Circuit recognizes a two-step process to determine whether plaintiffs are similarly situated. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877-78 (6th Cir. 2012). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id.*; *see also Ott v. Publix Super Markets, Inc.*, 2013 WL 1874258 at * 1 (M.D. Tenn. May 3, 2013). The court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage. *Id.*; *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 217 (E.D. Mich.

2010). If the court determines that conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be de-certified. *Ott* at * 2. Although the court applies a stricter standard at the second stage, the FLSA plaintiff faces a lower certification burden than a plaintiff seeking certification under Rule 23. *White*, 699 F.3d at 877. A plaintiff may show that she is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. *Ott* at * 2.

Defendants argue that their written policies require LPNs to record all worked time. Defendants also challenge the credibility of Plaintiff's and Markle's Declarations. Because the Court is not to resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage, it is not persuaded by Defendants' arguments in this regard. Defendants' arguments may ultimately be determined as correct, but they are more appropriately considered at the second stage concerning decertification, following a time for discovery.

In addition, Defendants argue that because Plaintiff filed an Amended Complaint, with new and/or different allegations, the new allegations should be discounted and Plaintiff's credibility questioned. As the Court previously noted, the First Amended Complaint replaces and supercedes the original Complaint (*see* Docket No. 36). The allegations of the original Complaint have no bearing on the instant Motion, which is addressed to the First Amended Complaint only. Moreover, as indicated about, credibility determinations are not appropriate at this stage of the process.

The Court finds that Plaintiff has sufficiently shown, for purposes of the first stage lenient standard, that she and the potential class members were subject to a common policy or practice that violated the law. Plaintiff has provided the "modest factual showing" required for conditional certification of a proposed class under the FLSA. Accordingly, Plaintiff's Motion for Conditional Certification is GRANTED, and the Court will conditionally certify a collective action for a class consisting of all current and former Licensed Practical Nurses (LPNs) who have been employed by Defendants as home health nurses from October 12, 2012, to the present.

## COURT-SUPERVISED NOTICE

Plaintiff has submitted a proposed Notice of Pending Fair Labor Standards Act Lawsuit (Docket No. 40-3) and a Notice of Consent to Become Party Plaintiff (Docket No. 40-4). Defendants indicate that they have objections to Plaintiff's proposed Notices. *See* Docket No. 45, p. 24. Therefore, the parties shall confer regarding both Notices and shall submit to the Court, by May 6, 2016, Joint Proposed Notices or separate Proposed Notices if they cannot agree.

## DISCLOSURE OF INFORMATION

The Defendants shall provide to the Plaintiff, by May 6, 2016, the names, last known mailing addresses, and telephone numbers of the purported class members. Any disputes regarding this disclosure or requests for additional information shall be decided by the Magistrate Judge.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE